# THE UNITED RAILWAYS AND ELECTRIC CO. *vs.* JOHN T. FLETCHER.

*Negligence—Insufficient Evidence.*

Plaintiff was at work laying a water pipe in a trench in a street alongside of the track of defendant's street railway. The trench was about three feet from the nearest track and when cars passed plaintiff and the other workmen had stood in safety on the strip of ground between the trench

and the track.  At the time of the accident for which this suit was brought, the workmen were engaged in filling up the trench.  A car approached and while plaintiff was standing between the trench and the track he was struck and knocked down by the body of the conductor of the car who was passing along the foot-board.  *Held*, that there was no legally sufficient evidence of negligence on the part of the conductor to take the case to the jury.

Appeal from the Baltimore City Court (SHARP, J.), where there was a judgment on verdict for the plaintiff for $500.

The cause was argued before McSHERRY, C. J., PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Fielder C. Slingluff*, for the appellant.

*Frederick C. Cook* and *John H. Walraven*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Baltimore City Court in favor of the appellee against the appellant for damages resulting from personal injuries.  The plaintiff was injured, while standing on a public street near the car track, by coming in contact with the body of a conductor who was passing along the foot-board at the side of a moving open summer car.

At the close of the plaintiff's testimony in the Court below the defendant offered a prayer taking the case away from the jury for the want of evidence legally sufficient to entitle the plaintiff to recover.  The Court rejected the prayer and the defendant then introduced its testimony.

At the close of the whole evidence the plaintiff offered four prayers and the defendant offered seven the first of which was a renewal of the prayer taking the case from the jury.  The Court granted three of the plaintiff's prayers, and rejected one of the plaintiff's and all of the defendant's prayers and granted two instructions of its own to the jury.  It is unnecessary for us to review in detail the action of the learned Judge below on these prayers and instructions because, for reasons which we will state, we are of the opinion that he should have

granted the defendant's prayer taking the case away from the jury for want of legally sufficient evidence to enable the plaintiff to recover.

Three witnesses who were present at the happening of the accident testified in the case. They were the plaintiff and two laborers who were at the time engaged with him in the service of the city water department in laying a water pipe. These witnesses agree that a long trench two or three feet wide at the top and about four feet deep had been dug by them in the street between the car track and the sidewalk and distant three feet from the nearest track. They had been engaged in digging this trench and laying a six-inch pipe therein during the entire day up to the time of the accident which occurred at about four o'clock in the afternoon. Cars had been passing the men engaged in the work at intervals throughout the day and the workmen had stood in safety on the strip of ground between the trench and the tracks as the cars went by. At the time of the accident the pipe had been laid and the workmen were engaged in filling up the trench.

The several accounts given by the witnesses of the accident are substantially as follows. The plaintiff testified that he and the witness Burk were working on the side of the trench next to the track when as he says, "I saw the car was coming, and the car had rung up get out of my way and I was standing there, standing on the side of the ditch and if I had been let alone the car would have had plenty of room to pass me, the ditch was three feet from the railway track" * * * "I stepped aside to let the car pass me and as I did why I felt the blow from the conductor where his body struck me." "I saw the conductor on the car I saw him come up the track and he passed Burk and just as he got to me he swung and when he swung himself he struck me and therefore I know it was the conductor." He also testified that although he saw the conductor on the foot-board of the approaching car he did not watch it as it was coming up because he was satisfied that he was out of its way. He said that he saw no difference between the rate of speed of this

car at the time when he was struck and that of the other cars which passed the place where he was working.

John Kelbaugh, one of the two laborers who testified for the plaintiff, did not see him actually struck, but corroborated his evidence as to the local conditions at the place of accident and said "the ditch was about three feet from the railroad track and there was plenty of room for any man to get out of the way of the car." He also saw the conductor on the foot-board as the car approached. He thought the car was going at an unusually high rate of speed.

Louis Burk, the other laborer, testified that he saw the conductor on the foot-board of the passing car, collecting fares as he thought, and that as the car neared the plaintiff the witness saw the conductor swing out and that some part of his body struck the plaintiff and knocked him down in the ditch. The testimony of this witness as to the local conditions of the place of the accident agreed with that of the other two. He also thought the speed of the car was very rapid. No other witnesses testified as to any facts bearing directly upon the happening of the accident.

We fail to find in this testimony such evidence of negligence on the part of the defendant or its servants directly contributing to the injury of the plaintiff as to entitle the case to go to the jury. It has been repeatedly held by this Court that the negligence of a defendant will not be presumed nor will a surmise or a scintilla of evidence that there may have been negligence on his part justify a Court in sending a case to the jury. There must be some reasonable evidence of well-defined acts of negligence or breach of duty on the part of the defendant causing the injury complained of. No one is responsible for injuries resulting from unavoidable accidents while engaged in a lawful business. *A. & B. Short Line R. R. Co.* v. *Pumphrey,* 72 Md. 85; *B. & O. R. R.* v. *State, use of Savington,* 71 Md. 599; *Cumb. & Penna. R. R.* v. *State, use of Millslagle,* 73 Md. 77; *P. W. & B. R. R.* v. *Burkhardt,* 83 Md. 522–3.

The evidence in the case at bar goes only so far as to show

that the body of the conductor while passing the foot-board of the moving car struck and injured the plaintiff. The conductor not only had the right to pass along the foot-board of the car when it was in motion but the discharge of his duty required him to do so very frequently. It is a well-known fact that the foot-board is a narrow one and a conductor in order to pass along it in safety, especially if he has to lean in between the successive seats to collect fares, must in passing by the upright standards of the car give to his body a swaying or swinging motion.

There is no evidence that the conductor in this case acted in a negligent or unlawful manner when passing along the foot-board. The entire space between the railway track and the ditch was but three feet a consideracle part of which must have been occupied by the overhanging part of the car and the foot-board. Under these circumstances the mere fact that the plaintiff while standing in the narrow space between the car and the ditch came in contact with the body of the conductor is not *per se* even *prima facie* evidence of negligence on the part of the latter. If the plaintiff and the conductor were both small men they may have passed each other in this narrow space with safety. If on the other hand they were both large men they may have come in contact without any negligence on the part of the conductor. The evidence showed that the plaintiff stood between the ditch and the track in safety when other cars passed by, but it does not appear that in any of those cases the conductor was upon the foot-board of the car as it passed. In the absence of reasonable evidence of any act of negligence or failure of duty on the part of the conductor it was improper to let this case go to the jury to be determined by surmise or conjecture.

There were a number of exceptions taken by the defendant, in the course of the trial in the Court below, to the Court's action in admitting evidence, but as the case will not go back for a new trial it is unnecessary for us to pass upon the propriety of the Court's rulings thereon.

The judgment appealed from will be reversed without a new trial.                *Judgment reversed without a new trial.*

(Decided June 19th, 1902.)