STATE, Use of ROSINA EGNER et al., vs. THE UNITED RAILWAYS AND ELECTRIC CO.

*Negligence—Person Standing on Platform Struck by Footboard of Passing Car.*

On the line of defendant's suburban electric railway there was provided for the accommodation of passengers desiring to board the cars at that point a platform about fifteen feet long and four feet wide from the track.   The footboard of a passing car would extend over it about eighteen inches.   The deceased was standing with other persons on this platform waiting for a car.   Two cars passed without stopping and the deceased was struck by the footboard of the third car, running at a high rate of speed, and suffered injuries resulting in his death.   The car was visible for several hundred feet as it approached.   There was ample space for the deceased to stand on the platform beyond the reach of the footboard as other persons there did and as he had done when the

other cars passed.  *Held*, that these circumstances do not show that the accident was caused by any negligence on the part of the defendant and the case was properly withdrawn from the jury.

Appeal from the Baltimore City Court (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*C. Dodd McFarland* (with whom was *Emil Budnitz* on the brief ), for the appellant.

*Geo. Dobbin Penniman* (with whom was *Fielder C. Slingluff* on the brief ), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This action was brought by the equitable plaintiffs, in the Baltimore City Court against the United Railways and Electric Company of Baltimore to recover damages for the alleged killing of one David Egner.

At the close of the plaintiffs' case the Court instructed the jury that the accident to the deceased was directly contributed to by his own negligence and their verdict must be for the defendant.  The single question, then, presented on the appeal is whether the evidence supports this ruling.

The appellant is a body corporate duly incorporated under the laws of the State of Maryland and owns a railway track and cars for the transportation of passengers along the Harford avenue in Baltimore County.  On the 23rd of June, 1901, the deceased went on the platform of the defendant for the purpose of boarding one of its cars as a passenger, from Southern avenue to Baltimore City, and while standing thereon and waiting for a car was struck by a rapidly moving car, knocked therefrom, sustained serious injuries, and from which he died.

The cause of action is alleged to be the negligence of the defendant in constructing the platform, by making it too narrow and omitting hand rails for the protection of passengers, so as to prevent them from falling at the southerly end of the platform.

The railway tracks of the appellee company are constructed on the west side of the Harford turnpike, which runs in a northerly and southerly direction.   The platform is located at the corner of the turnpike and Southern avenue and between the westernmost or south-bound track and on the west side of the turnpike.   This platform is used by the passengers in boarding the cars, and is described as level and filled with ashes.   It was about fifteen feet long and four feet wide from the track.   A car with a foot-board, would extend over the platform about eighteen inches, leaving a space of about two feet and a-half for passengers to stand on, while waiting for a car.

The accident occured under the following circumstances: The witness Eisennacher, who was on the platform at the time of the accident testified that he was on the platform three or four minutes before the Egners came; that he stood at the north end of the platform, *second*, John Egner with his small child in his arms, *third*, Mrs. John Egner and *fourth*, at the south end of the line David Egner, the deceased; that the car was coming from the north and going south.   The first car was signalled, but it did not stop.   The second car did not stop, but passed the platform on which the party was standing. The third car came at the rate of thirty or thirty-five miles an hour, he tried to stop it but failed.   The next thing he saw was Mr. Egner in the gutter along side of the platform.   He was struck by the foot-board of the car.   He also testified there was nothing to obstruct the view of the car from the platform, for a distance of 150 yards.

John Egner who was standing on the platform near the deceased, corroborated the evidence as to the location of the accident, but did not see the car strike the deceased.

Mrs. Egner who was present did not see the car strike the deceased, but as she turned around and looked for her child, did not see the deceased until they had picked him up.   Could see the car approaching at a distance of 400 feet, and they were standing close together on the platform.

The witness, Albrecht, who lives at the corner of Harford

road and Southern avenue, the place where the accident hap-
pened, testified, that the platform is a stopping place, as a
matter of fact, it is not a platform, but is level with the track
and filled up with ashes and from the car track it is about four
feet wide, counting what projects from the car there is a space
of about two and one-half feet for passengers to stand on,
standing on the ground it is about eighteen inches high, there
is a board on the back and a board on the top of it like a seat,
it is used by persons who are tired and want to sit down and
wait for the cars.

On cross-examination, he testified that the platform had
been there about three years, and it was very much used.
He had seen ten or twelve persons standing on the platform.
He had often seen cars running rapidly by the platform when
persons were standing on it.

We have thus stated the material portions of the testimony
and upon a careful examination of the record do not find in
the testimony such evidence of negligence on the part of the
appellee company as entitled the plaintiffs to recover.

It is well settled by numerous decisions of this Court, that
to entitle a plaintiff to recover in actions of this kind "there
must be some reasonable evidence of well defined acts of neg-
ligence or breach of duty on the part of the defendant caus-
ing the injury complained of." It is incumbent upon the
plaintiff to prove, first, that there was a neglect of duty by the
defendant, and secondly, that the injury was the direct con-
sequence of such neglect of duty.

In this case, the evidence shows, that the deceased was
struck by "the footboard of the car" while passing the platform,
on which he was standing, and he was thrown therefrom and
fatally injured. There was no evidence whatever that the
motorman in charge of the car acted in a negligent or unlaw-
ful manner, when passing the platform, or that the car differed
in construction from the other cars that had passed while the
deceased was on the platform. On the contrary, the evidence
shows, that the deceased had ample space on the platform to
stand without coming in contact with the footboard of the

car.   He was standing at the south end of the platform, and the car which was coming from the north and going south, passed in perfect safety four persons standing on the same platform, before it reached him.   He had an uninterrupted view of the approaching car and had an opportunity from the passing of the two previous cars to notice the portion of the platform which would be covered by the footboard.   According to the uncontradicted evidence of all the witnesses in the case, the platform was of sufficient width for a car to pass in safety with passengers on it.   The platform had been in use for years and had accommodated ten or twelve persons with perfect safety.   In the case of *United Rwys. Co.* v. *Fletcher*, 95 Md. 533, a somewhat similar case, this Court said, the mere fact that the plaintiff whilst standing in a narrow space between the car and ditch came in contact with the body of the conductor is not *per se* even *prima facie* evidence of negligence on the part of the latter.   In the absence of reasonable evidence of any act of negligence or failure of duty on the part of the conductor it was improper to let the case go to the jury, to be determined by surmise or conjecture. The cases cited by the appellant do not conflict with the conclusion we have reached in this case.

As this view disposes of the case it will not be necessary to consider the question of contributory negligence raised on the prayer and as there can be no recovery by the plaintiffs, the judgment will be affirmed.   *State, use of Bacon* v. *R. R. Co.*, 58 Md. 485.

*Judgment affirmed, with costs.*

(Decided January 13th, 1904.)