Mr. Chief Justice Shepard
delivered the opinion of the Court:
1. We are of the opinion that the court erred in submitting to the jury the question of the negligence of the defendant in the operation of the train at and just before the accident.
This issue was not raised by any allegation of the pleadings. As shown by the extract from the declaration, heretofore given, the plaintiff strictly confined her allegation of negligence to the construction and maintenance of the plat *228 form on which the deceased was walking when struck by the passing train.
2. It was error, also, to refuse the third instruction prayed by the defendant. The platform had been in use for some years, for the purposes intended. There was no evidence whatever tending to show that there was anything unusual either in its construction or location, much .less tending to show fault or negligence therein. Without some evidence from which such negligence might be inferred, it is improper to let a case go to the jury to be determined by surmise or conjecture. State use of Egner v. United R. & Electric Co. 98 Md. 397-401, 56 Atl. 789; Dotson v. Erie R. Co. 68 N. J. L. 679—686, 54 Atl. 827. In both of these cases, persons on a similar platform, intending to become passengers, were struck by passing cars which protruded over the edge of the platform, a slight distance in the second case, and about 18 inches in the first.
In the case at bar, plaintiff’s intestate had no intention to become a passenger. She and her companions were using the platform as a pathway for convenience., on their way home from the drug store. While, under the evidence of frequent use of .the platform as a pathway by persons similarly situated, she may not be regarded as a trespasser, she was nothing more tiran a mere licensee, and entitled to care as such. Redigan v. Boston & M. R. Co. 155 Mass. 44-47, 14 L.R.A. 276, 31 Am. St. Rep. 520, 28 N. E. 1133; Dotson v. Erie R. Co. 68 N. J. E. 679—684, 54 Atl. 827. The sole feature of negligence alleged is the construction of the platform so near the track that a person walking or standing on the edge thereof might be in danger from a passing train. It was not erected, however, to be used as a sidewalk by the public generally, but as a platform for the accommodation of passengers getting on and off trains. Considered in the light of its intended use, its proximity to the rail could not be held faulty or negligent construction as matter of law; and to permit a jury, in the absence of some evidence, to indulge its opinion or conjecture in determining whether it was or not, would be to establish an unreasonable rule. The responsibility of a railway company in. respect of *229 the location of its passenger platforms along its tracks ought not to be made to depend upon the varying notions and opinions of juries. One jury might consider the plan and location of a particular structure to be faulty and negligent; another might not. Each case involving the same construction would depend upon the motion or opinion of the jury impaneled to try it. A change made to conform to the opinion of one jury might later meet with the condemnation of another. In Dotson v. Erie R. Co. supra, the court considered the duty of a railway company in the matter of platforms at stations, and having said that it was its duty to maintain such as shall be safe for the use of passengers, proceeded to say: “But this use is to be exercised in conformity to the manifest purpose for which the structure in question is adapted. And so, a railroad company is only required to build platforms of sufficient dimensions to accommodate passengers getting on and off at their stations. [Citing Cases.] It is manifest that this duty requires the railroad company to construct its platforms sufficiently near to the rails that it will afford to passengers, including the aged and infirm, a safe exit to and from the trains. And it is a matter of common knowledge that, in performing this duty, the platforms along the best regulated railroads are built so near the rails that the projections from the engines and the cars will overlap to some extent the edge of the platform. While the1 extreme edge of the platform is perfectly safe for passengers, when occupying it for the purpose to which it is manifestly adapted, it is a matter of common knowledge that it is a place-of danger when occupied while trains are passing or likely to-pass.” Several decisions to the same effect are reviewed in. the opinion of the court. In State use of Egner v. United R. & Electric Co. 98 Md. 297, 56 Atl. 789, plaintiff’s intestate-was standing on a platform by the side of an electric railway,, intending to take passage with his family. Two cars were; signaled in turn, but passed without stopping. The third one,, though signaled, passed at a speed of 30 or 35 miles per hour.. The platform, about 15 feet long and 4 feet wide, was situated: so near the rail that the footboard or step of the passing car *230 extended over it about 18 inches, leaving a space 2-| feet wide, on which persons could stand in safety. It had been in use for several years with safety .to persons standing thereon. Egner was struck by the car and killed; none of the others was injured. There being no other evidence relating to the platform, the court affirmed a judgment for the defendant, entered on a directed verdict. See also Edgerton v. Baltimore & O. R. Co. 6 App. D. C. 516. In that case plaintiff’s intestate had been struck and killed by a passenger train while standing near the edge of the station platform. No negligence in the construction of the platform was alleged, but it was claimed that there was negligence in running the train rapidly by the same at the time, and under the circumstances. A verdict had been directed on the ground of deceased’s contributory negligence, and the judgment thereon was affirmed. A single case is relied on by the appellee as establishing a doctrine contrary to those above cited. Dobiecki v. Sharp, 88 N. Y. 203-207. That the decision states a somewhat stricter rule than the others in respect of the obliga^ tion to one intending to become a passenger on one of defendant’s trains, and occupying the platform for that purpose, may be conceded. In the light of the evidence as to the purpose of the use of the platform in this case, that question is of no importance. On the question actually involved here, the case is not in point. The party was struck by a passing train while standing on the platform. Parts of the cars extended from 3 to 5 inches over the platform. The evidence is not recited in the report of the case, but the opinion states that there was evidence tending to show improper construction of the cars, and later it was said: “The contention that the plaintiff was bound to show something more than an improper construction of the platform or cars, and that she was bound to prove that this negligence was the cause of the injury, is sufficiently answered by the remark that some of the evidence tended in that direction.”
3. It appears from the plaintiff’s evidence that deceased was sixteen years of age at the time of the accident, and there was no evidence tending to show that she was of less than ordinary *231 intelligence, and unable to appreciate the danger of walking near a railway track over which trains were constantly passing. There was nothing, therefore, to take the case out of the rule applicable to- adults under like circumstances. It is unnecessary to consider other questions that have been argued.
For the reasons given, the judgment will be reversed, with costs, and the cause remanded for a new trial. Reversed.