# EDNA M. GRIFFITH

*vs.*

# THE PULLMAN COMPANY.

*Negligence—Sleeping Car—Fall of Ladder.*

That an injury has happened cannot, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence.                    p. 517

That a ladder in a pullman car fell, while a passenger was using it for the purpose of getting into her berth, *held,* in the absence of evidence as to what caused the ladder to fall, or of any defect in the ladder, not to justify a finding of negligence on the part of the proprietor of the car.          pp. 517-519

Contributory negligence necessarily presupposes primary negligence, which would of itself sustain an action but for the concurrence of the contributory negligence.          p. 520

In an action for personal injuries by which defendant was temporarily incapacitated for her work, evidence as to the amount of commissions received by plaintiff after as well as before the accident, *held* too remote, misleading, and not pertinent to the issue, it appearing that she received commissions at the same rate on the profits of the department of which she had charge, regardless of whether she was present or absent therefrom.          p. 520

On an issue as to whether a particular character of ladder in use on defendant's sleeping cars was appropriate for that purpose, a witness in the retail hardware business, who sold ladders, could not be asked as to the character of ladders used in his business, he not being qualified to speak as an expert as having any special knowledge of the character of ladders in general use, or proper for use in sleeping cars.          p. 520

The evidence of an expert witness is not admissible where the jury is capable of determining the question before it without special expert testimony.          p. 521

*Decided January 18th, 1923.*

Appeal from the Superior Court of Baltimore City (DUFFY, J.).

Action by Edna M. Griffith against the Pullman Company. From a judgment for defendant, plaintiff appeals. Affirmed.

In regard to the subject of the second exception, it appeared that plaintiff received commissions at the same rate on the profits of the store department in which she worked whether she was present or absent therefrom.

The witness, Joseph Hubbard, who was offered as an expert witness, was the proprietor of a retail hardware business, in the course of which he dealt in step ladders.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Allan H. Fisher,* with whom were *Fisher & Fisher* on the brief, for the appellant.

*Mason P. Morfit,* with whom were *Sappington & Morfit* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendant in the Superior Court of Baltimore City, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in failing to furnish her, as a passenger, with a safe ladder, or other means of getting into a sleeping berth in a Pullman car, constituting a part of a train of the Seaboard Air Line, coming from Miami, Florida, to Baltimore City.

The declaration is in the usual form in negligence cases, and in substance avers that the defendant is a corporation engaged in furnishing sleeping compartments to passengers of railway trains; that the plaintiff on March 2nd became a passenger on one of the trains of the Seaboard Air Line, in

order to return to her home in Baltimore City, and occupied an upper sleeping berth No. 4, in car K-56, owned and operated by the defendant and attached by it to the train of the Seaboard Air Line, then en route to Baltimore, and that the plaintiff paid a valuable consideration to the defendant for the use of the sleeping berth for the entire trip to Baltimore; that the only way to get in, or out of the sleeping berth was by a ladder provided by the defendant for this purpose; that on March 3rd the plaintiff attempted to get into the sleeping berth, by the ladder which was at the time at the side of the sleeping berth and apparently in good condition; that she ascended the ladder and when at the top of it and about to enter the sleeping berth, the ladder collapsed, causing the plaintiff to fall from the top of the ladder to the floor of the sleeping car. As a result of the fall, the plaintiff sustained serious injuries to her hip and spine and suffered other wrongs therefrom. The record in the case, it will be seen, contains eight exceptions, seven of which are to the rulings of the court on questions of evidence, and the eighth to the rulings upon the prayers.

It also appears from the record that, at the conclusion of the testimony on the part of the plaintiff, the defendant offered five prayers, and of these its second and fifth relating to negligence and contributory negligence were granted, and its first, third and fourth were refused. The ruling of the court on these prayers is presented by the plaintiff's eighth exception. A judgment upon verdict for costs was recovered by the defendant and the plaintiff has taken this appeal.

As the defendant's second and fifth prayers were demurrers to the evidence, and present the important questions in the case, they will be considered by us before passing upon the questions raised by the exceptions upon evidence.

By the second granted prayer, the court instructed the jury that there was no evidence in this case legally sufficient to prove that the injuries, to recover for which this suit was brought, were caused by negligence on the part of the de-

fendant, its servants or agents, and that the verdict must therefore be for the defendant.

By the fifth granted prayer, the jury were instructed that from the undisputed evidence in this case the plaintiff was guilty of negligence directly contributing to the injuries to recover for which this suit is brought, and therefore their verdict must be for the defendant.

The rule of law, bearing upon negligence cases similar to the one now before us, has been fixed and settled by a long line of decisions of this and other courts, and it requires no extended discussion, at this date, of the reason upon which the rule rests.

In *Benedick* v. *Potts,* 88 Md. 54, the Court said: "It is a perfectly well-settled principle that to entitle a plaintiff to recover in an action of this kind, he must show not only that he has sustained an injury but that the defendant has been guilty of some negligence which produced that particular injury. The negligence alleged and the injury sued for must bear the relation of cause and effect. The concurrence of both and the *nexus* between them must exist to constitute a cause of action. As an injury may occur from causes other than the negligence of the party sued, it is obvious that before a liability on account of that injury can be fastened upon a particular individual, it must be shown or there must be evidence legally tending to show, that he is responsible for it; that is, that he has been guilty of the negligence that produced or occasioned the injury. In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence." See also *Charles* v. *United Rwys. Co.,* 101 Md. 184; *Dawson* v. *Md. Electric Rwy..* 119 Md. 374; *Stewart & Co.* v. *Harman,* 108 Md. 446; *Parrott* v. *Wells,* 15 Wall. 524.

The defendant's second prayer, we think, under the state of evidence disclosed by the record in this case, was properly granted. It was based upon the insufficiency or the want of

evidence to prove that the injury to the plaintiff was caused by the negligence of the defendant, as alleged in the declaration, and is the usual prayer approved by this court in similar cases.

An examination of the record in the case will show an entire absence of proof legally sufficient to support the claim of the plaintiff that the defendant, by its act or by its omission, had violated some duty incumbent upon it, which caused the injury for which the suit was instituted.

It is well established, by a number of decisions of this court, that to entitle a plaintiff to recover in actions of this kind, there must be some reasonable evidence of well defined acts of negligence or breach of duty on the part of the defendant causing the injury complained of, and the plaintiff must prove, first, that there was a neglect of duty by the defendant, and secondly, that the injury was the direct consequence of such neglect of duty. *United Rwys. Co.* v. *Fletcher,* 95 Md. 533; *Casparis Stone Co.* v. *Boncore,* 121 Md. 454; *Merchants & Miners Transportation Co.* v. *Hazelton,* 108 Md. 566.

In this case the evidence shows that, at the time of the accident, the plaintiff was attempting to get into an upper sleeping berth in a Pullman car, while a passenger on a train of the Seaboard Air Line, en route from Florida to Baltimore City, and was using a ladder, which had been placed at the side of the berth, for the purpose of getting in and out of the sleeping compartment.

The plaintiff testified that after the porter "had placed the ladder directly in front of my berth and it was apparently in good condition for me to get to my berth and I started to do it, and when I got very near to the top of the ladder it collapsed, throwing the ladder back and throwing me in the opposite direction and I fell right on my spine."

The witness further testified that the ladder produced before the jury was similar to the ladder which she used the night of the accident; that when this accident occurred, she

was not on the top of the ladder, that she was probably on the third step, that she was nearer the top, but wasn't on the top, so she was on the third step. That she thought that both her feet were on the same step. That just as she fell the ladder collapsed one way and she fell the other.

The plaintiff's mother and aunt were witnesses in the case, but neither of them saw the accident, but heard the plaintiff's screams after it had occurred. They both had upper berths and the mother had been assisted into her berth by the porter, on the evening of the accident. The aunt assisted the plaintiff to her berth, after the accident, and testified on cross-examination that the plaintiff did not ask witness to assist her to get in the berth before the accident, that witness' berth adjoined the plaintiff's berth, and that she was about five or six feet away from her; that after witness assisted the plaintiff in her berth after the accident, the witness used the ladder to get in her berth and that she was not assisted; that the next morning she used the ladder in getting out of her berth, with the assistance of the porter; that both the night before and the first morning of the trip homeward witness used that ladder to get in and out of her berth.

There was no evidence of any defect in the ladder used to ascend to the sleeping berth. It was not out of repair or broken or in any other way defective. On the contrary, the evidence shows that it had been used by the plaintiff, her mother, and her aunt, before and after the accident, with and without assistance, without any mishap or injury.

In *Charles* v. *United Rwys. Co.*, 101 Md. 187, it is said: "In the case at bar, the evidence goes no further than to show that an injury was inflicted on the husband of the equitable appellant without showing how it occurred or that any act of the appellee caused it. To have permitted the jury under such circumstances to infer that negligence on the part of the defendant produced the injury, would have been to disregard the law, as plainly laid down" by the authorities. *State* v. *Balto. & Pot. R. Co.*, 58 Md. 482; *Balto. & O. R. Co.* v.

*Savington,* 71 Md. 599; *Culler* v. *Standard Oil Co.,* 127 Md. 410; *Baltimore and Yorktown Road* v. *Cason,* 72 Md. 380.

As this view disposes of the case, it will not be necessary to consider the question of contributory negligence raised on the defendant's fifth prayer.

In *Vonderhorst Brewing Co.* v. *Amrhine,* 98 Md. 414, it is said: "If there was no primary negligence on the part of the defendants, there could be no contributory negligence on the part of the plaintiff. Contributory negligence necessarily presupposes primary negligence, which would of itself sustain an action but for the concurrence of the contributory negligence."

This brings us to a consideration of the exceptions taken by the plaintiff, in the course of the trial, to the rulings of the court upon evidence, but as the case will not be sent back for a new trial, these rulings become somewhat unimportant and need not be fully discussed by us. We have, however, examined them and find no reversible error in any of the rulings.

The evidence excluded under the first exception was irrelevant and immaterial, but was thereafter admitted, and consequently there was no injury to the plaintiff by this ruling. *Mitchell* v. *Slye,* 137 Md. 100; *Hettleman* v. *Frank,* 136 Md. 362; *Kensington Rwy. Co.* v. *Moore,* 115 Md. 42.

The second exception relates to the action of the court in striking out testimony which had been admitted as to certain commissions received by the plaintiff, after as well as before the accident. This character of testimony, we think, was too remote, misleading and not pertinent to the issue, and was properly excluded by the court.

The third, fourth, fifth, sixth and seventh exceptions involve certain questions asked the witness, Joseph Hubbard, as to the character of certain stepladders used in his business, but not the kind of ladder that was in general use or appropriate for use on sleeping cars. The witness was not shown to have had any special knowledge of the character of ladders

in general use, or proper for use in sleeping cars. The witness was not, therefore, qualified to speak as an expert.

It is well settled that the evidence of an expert witness is not proper and admissible, where the jury is capable of deciding or determining the question or the subject matter before it without special expert testimony. *Balto., Ches. & Atl. Ry. Co.* v. *Moon,* 118 Md. 380; *Dashiell* v. *Griffith,* 84 Md. 363; *Ottenberg* v. *Ryan & Riley Co.,* 130 Md. 38; *Riley* v. *State,* 140 Md. 141.

Finding no reversible errors in any of the rulings of the court upon the exceptions before us, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*